NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILSON HERNANDEZ RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 17-440 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Wilson Hernandez Rodriguez's appeal for judicial review of a final decision issued on behalf of the Commissioner of the Social Security Administration ("Commissioner"), which denied his claim for disability insurance benefits. (ECF No. 1; *see also* 42 U.S.C. § 405(g); L. Civ. R. 9.1). After careful consideration of the administrative record, submissions made in support of and in opposition to the instant appeal, the Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. (ECF Nos. 10, 11, 12). For the reasons set forth below, the Court remands this matter for further proceedings that are consistent with this Opinion.

## I. BACKGROUND[1]

On December 6, 2010, Plaintiff filed applications for payment of disability insurance benefits ("DIB") and supplemental security income ("SSI"). (R. 128-29, 140-41, 152, 164, 336-48). Plaintiff alleged that he was disabled due to his anxiety and psychotic disorder, which began

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 6.

on September 28, 2010. (R. 128-29, 140-41, 152, 164, 336-48). Plaintiff's applications were denied, and he requested a hearing, which was conducted before Administrative Law Judge Donna A. Krappa ("ALJ") on February 11, 2013. (R. 64-99, 202-07, 220-21). Upon the completion of said hearing, ALJ determined that Plaintiff was not disabled and therefore ineligible for payments of DIB and SSI. (R. 178-89). Thereafter, Plaintiff filed a request to the Appeals Council for review of ALJ's decision. (R. 270-71). The Appeals Council ultimately remanded the case for ALJ's failure to consider Plaintiff's obesity. (R. 195-99).

At remand, ALJ again determined that Plaintiff was not disabled, reaching said conclusion at step-five of a five sequential step analysis. (R. 41, 44-56). At step-one, ALJ found that Plaintiff had not engaged in substantial gainful activity since September 28, 2010. (R. 46). At step-two, ALJ determined that Plaintiff's affective disorders, right heel pain, right knee pain, low back pain, and obesity were "severe." (R. 46-47). Notwithstanding said finding, ALJ found at step-three that Plaintiff's "severe" impairments did not meet or equal a listed impairment under 20 C.F.R. § 416.920(a)(4)(iii), bringing the ALJ to step-four. (R. 47-49). There, ALJ found Plaintiff had a residual functional capacity ("RFC") "to perform a reduced range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)." (R. 49).

In determining Plaintiff's RFC, ALJ considered most of the record. (R. 50-54). Although Plaintiff alleged full disability in his right heel, right knee, and lower back, the record indicated minimal and intermittent treatment for those conditions. (R. 50). Despite a July 2012 medical imaging study which revealed that Plaintiff had "heels spurs," Plaintiff still did not receive treatment for same. (Id.). July and October 2012 medical imaging studies indicated no abnormalities in Plaintiff's back, and January 2013 treatment notes provided that Plaintiff had full range of motion in his right foot. (Id.). A March 2013 consultative examination with Rahel

Eyassu, M.D., "showed primarily normal findings[]" except that Plaintiff had minimal reduction in the range of motion in his knees and could not walk on his right heel. (R. 51). ALJ also considered her own observations of Plaintiff; specifically that Plaintiff had no difficulty walking in and out of the hearing room despite alleging leg difficulty. (Id.). As for Plaintiff's obesity, ALJ acknowledged that it could exacerbate Plaintiff's other physical ailments. (Id.). ALJ concluded that "the record supports a finding that [Plaintiff] is able to work at the light exertional level." (Id.).

As for Plaintiff's mental impairments, ALJ considered various treatment notes between the years 2010-2013. (R. 51-54). Contained therein, Plaintiff showed improvement, graduating from his partial hospitalization program and transferring to outpatient care. (R. 51). Plaintiff consistently showed a Global Assessment of Functioning of 60.[2] (Id.). The outpatient care notes throughout Plaintiff's treatment indicated that, although he did suffer from anxiety and depression, Plaintiff was, for the most part, alert and oriented; *i.e.* his thoughts were clear and organized, and he was overall functional. (R. 52). Additionally, "the state agency psychiatric consultant determined that [Plaintiff] had a moderate mental impairment." (R. 53).

Most pertinent to this appeal, ALJ assigned no weight to consultative examiner Paul Fulford, Ph.D., and physician Rakesh Bansil, M.D, who both concluded that Plaintiff was totally disabled. (R. 53-54). ALJ did so because Dr. Fulford was a one-time examiner, and his diagnosis of Plaintiff was inconsistent with the entirety of the record, which showed Plaintiff was improving over time. (R. 53). As for Dr. Bansil, although he provided two separate and consistent diagnoses of Plaintiff, he failed to provide explanation for those diagnoses. (Id.). Indeed, Dr. Bansil's

---

[2] A Global Assessment of Functioning of 60 indicates symptoms of mental impairment between mild and moderate according to the fourth edition of the *Diagnostic and Statistical Manual of Mental Disorders*. *See Isaac v. Colvin*, 2014 WL 1942555, at *8 n.10 (M.D. Pa. May 14, 2014).

3

conclusions were in check-box form "issued in connection with a state program using unknown criteria to assess whether [Plaintiff] was disabled." (R. 53-54).

Ultimately, ALJ concluded that Plaintiff was not totally disabled and could perform light exertional work. (R. 51, 53). Notwithstanding said finding, Plaintiff's RFC made him unable to perform his past relevant work, where he worked as a short order cook, a barber, a brick layer, a warehouse worker, and in floor maintenance. (R. 54). Moving on to step-five, with the help of a vocational expert, ALJ concluded that given Plaintiff's RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" (R. 55). As such, ALJ concluded that Plaintiff was ineligible for payment of DIB and SSI. (R. 56).

Plaintiff again requested rehearing, which the Appeals Council denied, making ALJ's determination that Plaintiff was not disabled the final decision of the Commissioner. (R. 1-7). On January 21, 2017, Plaintiff filed this appeal. (ECF No. 1). For the reasons set forth below, this matter is remanded for further proceedings consistent with this Opinion.

## II. **STANDARD OF REVIEW**

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the

factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

### III. ANALYSIS

Plaintiff argues that ALJ erred when she provided no weight to the diagnoses of Dr. Fulford and Dr. Bansil because both "findings and opinions are entirely consistent with the medical evidence in record." (ECF No. 10 at 37). According to Plaintiff, as a result of this error, ALJ did not conduct a full analysis to determine RFC. (Id. at 38-41). Defendant argues that substantial evidence supports ALJ's decision to assign no weight to the findings of both Dr. Fulford and Dr. Bansil. (ECF No. 11 at 16-17). Defendant avers that this is because Dr. Fulford was a one-time examiner, whose diagnosis was contrary to the entirety of the record, and Dr. Bansil failed to provide any reason for same, which were in connection with a state program using unknown criteria. (Id. at 18, 20-21).

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1). At step one, an

administrative law judge assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and, thus, the process ends. *Id.* If not, the administrative law judge proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). Absent such impairment, the claimant is not disabled. *Id.* Conversely, if the claimant has such impairment, an administrative law judge proceeds to step three. *Id.* At step three, an administrative law judge evaluates whether the claimant's severe impairment either meets or equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* Otherwise, an administrative law judge moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted).

When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 Fed.Appx. 678, 679-80 (3d Cir. 2015) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings . . . ." *Id.* at 263 n.2 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987)). An administrative law judge bears the burden of proof for the final step. *See id.* at 263.

Both parties have narrowed the issue to whether or not ALJ erred at step-four of the analysis when she determined Plaintiff's RFC. (ECF No. 10 at 33; ECF No. 11 at 16). Specifically, the question is whether ALJ erred when she assigned no weight to Dr. Fulford and Dr. Bansil's diagnoses of Plaintiff. This Court declines to assess whether substantial evidence supports assigning no weight to Dr. Fulford's diagnosis because ALJ erred, as a matter of law, when she assigned no weight to Dr. Bansil's diagnoses. The Third Circuit directive is clear that "[a]n ALJ may reject a treating physician's opinion outright *only* on the basis of contradictory medical evidence, but may afford a treating physician's opinion *more or less weight* depending upon the

7

extent to which supporting explanations are provided." *Hoyman*, 606 Fed.Appx. at 679-80 (quoting *Plummer*, 186 F.3d at 429) (emphasis added). Here, ALJ, in determining the weight to afford to Dr. Bansil's diagnoses, reasoned that the doctor's diagnoses were without explanation and were in connection with a state program with unknown criteria. (R. 53-53). In other words, because supporting explanations were lacking in Dr. Bansil's diagnoses, ALJ outright rejected all of its probative value. ALJ's reasoning may have been sufficient to provide less weight to Dr. Bansil's diagnoses, but was insufficient, as a matter of law, to assign it no weight. *Hoyman*, 606 F. App'x at 679-80. Accordingly, ALJ erred when she assigned no weight to Dr. Bansil's diagnoses for lack of explanation. As such, this matter shall be remanded for further proceedings consistent with this Opinion.

## CONCLUSION

For the aforementioned reasons, the Court remands this matter for further proceedings that are consistent with the instructions contained herein. An appropriate Order accompanies this Opinion.

DATED: August 18, 2017

JOSE L. LINARES
Chief Judge, United States District Court